Christopher M. Reid
Isaac A. Hof
J. Randall Keiser, Jr
HOF & REID, LLC
CrownPointe Corporate Center
3101 Emrick Boulevard, Suite 205
Bethlehem PA 18020
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION - LAW

| | | |
|---|---|---|
| RICHARD HASSELBUSCH and CHRISTINE HASSELBUSCH, Parents and Natural Guardians of W.H., a Minor, 1790 Arden Lane Bethlehem PA 18015 | : : : : : : | No. IN CIVIL ACTION JURY TRIAL DEMANDED |
| Plaintiffs | : | |
| v. | : : : | |
| LARRY SALMERON ACOSTA, 176 Winding Cedar Drive Statesville NC 28677-8411, | : : : : | |
| LJ TRANSPORTATION 176 Winding Cedar Drive Statesville NC 28677-8411, | : : : : : | |
| and | : : | |
| IMPERIAL DADE, 425 Rising Sun Road Bordentown NJ 08505 | : : : | |
| Defendants. | : | |



## **COMPLAINT**

COME NOW, Plaintiffs, Richard Hasselbusch and Christine

Hasselbusch, as Parents and Natural Guardians of W.H., a Minor, by and

through their counsel, Hof & Reid, LLC, and file the within Complaint, and in support thereof aver the following:

## PARTIES

1.      Plaintiffs, Richard Hasselbusch and Christine Hasselbusch are the parents and natural guardians of W.H., who at all times relevant hereto reside at 1790 Arden Lane, Bethlehem, Northampton County, Pennsylvania. Hereinafter the term "Plaintiffs' Minor" refers to W.H.

2.      Defendant, Larry Salmeron Acosta (hereinafter "Defendant Acosta"), is an adult individual who at all times relevant hereto resides at 176 Winding Cedar Drive, Statesville, Iredell County, North Carolina.

3.      Defendant, Imperial Dade, is a New Jersey Corporation, with a principal place of business located at 425 Rising Sun Road, Bordentown, Burlington County, New Jersey.

4.      Defendant, LJ Transportation, is a North Carolina company, with a principal place of business located at 176 Winding Cedar Drive, Statesville, NC 28677.

5.      At all times relevant hereto, Defendant Acosta acted as an agent, workman, employee and/or servant of Defendant Imperial Dade.

6.      At all times relevant hereto, Defendant Acosta also acted as an

agent, workman, employee and/or servant of Defendant LJ Transportation.

7.     At all times relevant hereto, Defendant Acosta was in the business of, *inter alia*, transporting goods.

8.     Defendant Acosta regularly and systematically conducts business in the Commonwealth of Pennsylvania, specifically in Lehigh County, Pennsylvania.

9.     At all times relevant hereto, Defendant Imperial Dade regularly and systematically conducts business in the Commonwealth of Pennsylvania, specifically in Lehigh County, Pennsylvania, regarding the transportation, delivery and distribution of its food service packaging, facility maintenance supplies, and products.

## JURISDICTION AND VENUE

10.    Plaintiffs, at all times relevant hereto, were citizens of the Commonwealth of Pennsylvania, residing at 1790 Arden Lane, Bethlehem, Northampton County, Pennsylvania.

11.    Defendant, Larry Salmeron Acosta, was at all times relevant hereto a citizen of the state of North Carolina, residing at 176 Winding Cedar Drive, Iredell County, North Carolina.

12.    Defendant, Imperial Dade, was at all times relevant hereto a

-3-

New Jersey corporation, with a principal place of business located at 425 Rising Sun Road, Bordentown, Burlington County, New Jersey.

13.   Defendant, LJ Transportation, was at all times relevant hereto a a North Carolina company, with a principal place of business located at 176 Winding Cedar Drive, Statesville, NC 28677.

14.   Under the Pennsylvania Motor Vehicle Financial Responsibility Law, Plaintiffs have an unrestricted right to seek financial compensation for the injuries sustained to Plaintiffs' minor, W.H., either because the Plaintiffs' Minor is covered under the full tort option, or because Plaintiffs' Minor has suffered serious injury to his person, or because Plaintiffs' Minor comes within one of the exceptions set forth 75 PS § 1705.

14.   In the instant Complaint, Plaintiffs are demanding judgment in excess of $1,000,000.00, which exceeds the diversity jurisdictional limitation of $75,000.00.

15.   This Honorable Court has diversity jurisdiction because diversity of citizenship of the parties exists and an amount in excess of the $75,000.00 jurisdictional limit is demanded.

16.   At all times pertinent hereto, Defendant Acosta was an

interstate motor carrier, proving freight an logistical services throughout the Commonwealth of Pennsylvania, and regularly conducted business in Lehigh County, Pennsylvania.

17. Venue is properly laid in the Eastern District of Pennsylvania because the action arises out of a motor vehicle accident which occurred within this district (Lehigh County, Pennsylvania).

## **FACTUAL BACKGROUND**

18. Plaintiffs incorporate Paragraphs 1 through 17 by reference as though the same were set forth more fully and at length herein.

19. On May 13, 2021, at approximately 10:41 PM, Plaintiffs' Minor was the operator of a 2008 Volkswagen Passat, bearing Pennsylvania registration number KDX0119, which vehicle was being operated in an easterly direction on West Saucon Valley Road, at or near its intersection with State Route 309 South in Upper Saucon Township, Lehigh County, Pennsylvania.

20. On or about the aforesaid date, at or about the aforesaid time, Defendant Acosta was the operator of a 2002 Freightliner truck-tractor, bearing registration number NK3374, pulling a semi-trailer (hereinafter referred to as "tractor-trailer"), tag number AL70878, which was being

-5-

operated at an unsafe speed in a southerly direction on State Route 309, at or near its intersection with West Saucon Valley Road in Upper Saucon Township, Lehigh County, Pennsylvania.  See Exhibit "A" Commonwealth of Pennsylvania Police Crash Report.[1]

21.    On or about the aforesaid date and time, Defendant Acosta was hauling a load of commercial paper products for Defendants Imperial Dade and LJ Transportation and was operating within the course and scope of his employment with Defendants Imperial Dade and LJ Transportation.

22.    On or about the aforesaid date and time, Defendant Acosta operated the tractor-trailer at speeds in excess of the post speed limit.

23.    As Defendant Acosta approached the intersection of State Route 309 and West Saucon Valley Road in the tractor-trailer at speeds in excess of the posted speed limit, the traffic signal turned to a steady red signal.

24.    In conscious disregard of the steady red traffic signal, which camera video footage demonstrates was red for approximately *five (5) seconds prior to Defendant Acosta's entry into the intersection*, Defendant Acosta failed to stop his tractor-trailer, proceeded through a red light at the

---

[1]  A true and correct copy of the Commonwealth of Pennsylvania Police Crash Report is attached hereto and is identified herein as Exhibit "A."

intersection, and violently struck the vehicle in which Plaintiffs' Minor was operating as he was lawfully proceeding within the right-of-way through the intersection of Route 309 and West Saucon Valley Road as indicated by a green traffic signal in his direction.

25.     In conscious disregard to other motorists on the roadway, including Plaintiffs' Minor, Acosta approached the subject intersection in the tractor-trailer, proceeded through a steady red signal, and collided with the vehicle Plaintiffs' Minor was operating, all while talking on his cellular telephone.

26.     Furthermore, and in violation of state and federal regulations, including the Federal Motor Carrier Safety Regulations, at the time of the collision, Defendant Acosta was operating the tractor-trailer in excess of the maximum allowable driving and duty time.

27.     As a direct and proximate result of the negligence and carelessness of Defendant Acosta, separate and apart from the negligence and carelessness of any other responsible party, Plaintiffs' minor has suffered serious and permanent injuries to his body including, but not limited to, fractured scapula, fractured collar bone, fractured humerus and radius, nerve damage, fractured ribs, pneumothorax, multiple pelvic fractures,

bilateral femur fractures, a Morel-Lavallee lesion to the left leg.

28.     At all times pertinent hereto, during the events described above, Defendant Acosta was an employee or other duly authorized agent, actual, ostensible, or otherwise of Defendant Imperial Dade, and was at all pertinent times acting within the course and scope of his employment and agency.

29.     At all times pertinent hereto, during the events described above, Defendant Acosta was an employee or other duly authorized agent, actual, ostensible, or otherwise of Defendant LJ Transportation, and was at all pertinent times acting within the course and scope of his employment and agency.

30.     At all times relevant hereto, Defendants were fully aware that failure to properly operate the vehicle in question would cause catastrophic injuries to individuals on the road, such as Plaintiffs' Minor and those similarly situated.

## COUNT I - NEGLIGENCE

### RICHARD HASSELBUSCH and CHRISTINE HASSELBUSCH, Parents and Natural Guardians of W.H., a Minor v. LARRY SALMERON ACOSTA and IMPERIAL DADE

31.     Plaintiffs incorporate Paragraphs 1 through 30 by reference as though the same were set forth more fully and at length herein.

32.    The vehicle operated by Defendant Acosta was operated in a careless and negligent manner, separate and apart from the carelessness and negligence of any other responsible party, when he collided with the vehicle operated by Plaintiffs' Minor, W.H. as Plaintiffs' Minor's vehicle lawfully proceeded through the aforesaid intersection with a steady green light and Defendant Acosta proceeded though said intersection with a steady red light.

33.    The vehicle operated by Defendant Acosta was operated in a careless and negligent manner, separate and apart from the carelessness and negligence of any other responsible party, in the following respects:

(a)    In failing to stop as required by the steady red traffic control signal;

(b)    In failing to apply the tractor-trailer brakes as necessary while approaching the steady red traffic light at the intersection afore-referenced;

(c)    In failing to apply the tractor-trailer's emergency brake when appropriate;

(d)    In failing to yield right-of-way to which Plaintiffs' Minor was entitled;

(e)    In failing to observe vehicles in front of him;

(f)     In failing to keep a lookout for other vehicles lawfully

using the highway;

(g)     In failing to keep a lookout for intersection vehicles;

(h)     In failing to observe intersection vehicles;

(i)     In failing to keep a lookout for intersection traffic control

devices;

(k)     In failing to obey intersection traffic control devices;

(l)     In failing to have his vehicle properly under control;

(m)    In failing to make any attempt to avoid collision with

other vehicles;

(n)     In failing to maintain his vehicle properly;

(o)     In failing to ensure that the vehicle he was operating was

in proper working order and was safe to operate;

(p)     In operating his vehicle in excess of the posted speed

limit;

(q)     In operating the vehicle at a speed too fast and unsafe for

conditions;

(r)     In failing to operate the vehicle with due care and regard

for the rights and safety of others;

(s)     In operating the tractor-trailer over the eleven hour driving limit required by 67 Pa. Code § 229.14 and 49 CFR 395.3(A)(3)(i);

(t)     In operating the tractor-trailer in excess of fourteen hours after coming off a ten hour rest period in accordance with 67 Pa. Code § 229.14 and 49 CFR 395.3(A)(2);

(u)     In operating the tractor-trailer, which had a clamp brake out of adjustment in contravention of Pa. Code 67 § 229.14 and 49 CFR 393.47(e);

(w)     In operating the tractor-trailer in violations of the Pennsylvania Motor Vehicle Code;

(x)     In operating the tractor-trailer in violation of the Federal Motor Carrier Safety Regulations ("FMCSR");

(y)     In operating his vehicle while talking on his cellular telephone;

(z)     In unlawfully driving a tractor-trailer through a steady red traffic signal, at speeds above the posted speed limit, while talking on a cellular telephone.

34.     Further demonstrating Defendant Acosta's operation of the

tractor-trailer beyond the hour-limited driving requirements, Defendant

Acosta failed to maintain an electronic logging device on board as required

by 67 Pa. Code 229.14 and 49 CFR 395.8(A) and failed to maintain logs for

his prior seven (7) days of driving as required by 67 Pa. Code 229.14 and 49

CFR 395.3(A)(2).

35.    As a direct and proximate result of the above-described

occurrence and Defendant Acosta's negligence and carelessness, separate

and apart of the negligence and careless of any other responsible party,

Plaintiffs' Minor suffered injuries as previously averred.

36.    As a direct and proximate result of the above-described

occurrence and Defendant Acosta's negligence and carelessness, separate

and apart of the negligence and careless of any other responsible party,

Plaintiff has suffered great mental anguish, physical pain and humiliation up

to the date of the filing of this Complaint.

37.    As a direct and proximate result of the above-described

occurrence and Defendant Acosta's negligence and carelessness, separate

and apart of the negligence and careless of any other responsible party,

Plaintiffs' Minor will continue to suffer great mental anguish, physical pain

and humiliation into the future.

38.     As a direct and proximate result of the above-described occurrence and Defendant Acosta's negligence and carelessness, separate and apart of the negligence and careless of any other responsible party, Plaintiffs' Minor will suffer loss of earnings and/or a diminution in his ability to earn, which may exceed the amounts recoverable under the limitations prescribed by law.

39.     As a direct and proximate result of the above-described occurrence and Defendant Acosta's negligence and carelessness, separate and apart of the negligence and careless of any other responsible party, Plaintiffs' Minor has been unable to pursue and enjoy the usual activities of life of an individual of his same age and circumstances, and Plaintiffs' Minor has suffered a loss of enjoyment of life, loss of happiness and loss of pleasure of life up to the date of the filing of this Complaint, and will continue to suffer the same throughout the remainder of his life.

40.     As a direct and proximate result of the above-described occurrence and Defendant Acosta's negligence and carelessness, separate and apart of the negligence and careless of any other responsible party, Plaintiffs' Richard Hasselbusch and Christine Hasselbusch have been caused to expend various and diverse sums of money for medical care and treatment,

medication, therapy and rehabilitation necessary and required by Plaintiffs'
Minor, W.H.

41.    As a direct and proximate result of the above-described
occurrence and Defendant Acosta's negligence and carelessness, separate
and apart of the negligence and careless of any other responsible party,
Plaintiffs Richard Hasselbusch and Christine Hasselbusch will be caused to
expend various and diverse sums of money into the future for medical care
and treatment, medication, physical therapy and rehabilitation until such time
as Plaintiffs' Minor reaches the age of majority.

42.    As a direct and proximate result of the above-described
occurrence and Defendant Acosta's negligence and carelessness, separate
and apart of the negligence and careless of any other responsible party,
Plaintiffs' Minor, W.H., will be caused to expend various and diverse sums
of money once he reaches the age of majority and into the future for medical
care and treatment, medication, physical therapy and rehabilitation.

WHEREFORE, Plaintiffs Richard Hasselbusch and Christine
Hasselbusch, Parents and Natural Guardians of W.H. demand judgment in
their favor and against the Defendants, Larry Salmeron Acosta, LJ
Transportation, and Imperial Dade, in an amount that exceeds the

jurisdictional amount requiring arbitration by local rule, together with interest and costs.  Plaintiffs further demand a trial by jury of twelve of their peers to determine their cause.

## COUNT II - VICARIOUS LIABILITY

### RICHARD HASSELBUSCH and CHRISTINE HASSELBUSCH, Parents and Natural Guardians of W.H., a Minor v. LARRY SALMERON ACOSTA and IMPERIAL DADE AND LJ TRANSPORTATION

43.     Plaintiffs incorporate Paragraphs 1 through 42 by referenced as though the same were set forth more fully and at length herein.

44.     At all times pertinent to the filing of this Complaint, Defendant Acosta was the agent of Defendants Imperial Dade and LJ Transportation, and Defendant Acosta was at all pertinent times acting within the scope of his agency.

45.     By virtue of the agency relationship between Defendant Acosta and Defendants Imperial Dade and LJ Transportation, Defendants Imperial Dade and LJ Transportation are liable to Plaintiffs for the negligence of Defendant Acosta as above-averred under and pursuant to principles of vicarious liability.

46.     As a direct and proximate result of the above-described occurrence and Defendant Acosta's negligence and carelessness, separate

and apart of the negligence and careless of any other responsible party,

Plaintiff has suffered injuries and damages as set forth in this Complaint.

WHEREFORE, Plaintiffs Richard Hasselbusch and Christine

Hasselbusch, Parents and Natural Guardians of W.H. demand judgment in

their favor and against the Defendants, Larry Salmeron Acosta and Imperial

Dade, in an amount that exceeds the  jurisdictional amount requiring

arbitration by local rule, together with interest and costs.  Plaintiffs further

demand a trial by jury of twelve of their peers to determine their cause.

## COUNT III -NEGLIGENT HIRING/SUPERVISION/RETENTION

### RICHARD HASSELBUSCH and CHRISTINE HASSELBUSCH, Parents and Natural Guardians of W.H., a Minor v.  IMPERIAL DADE AND LJ TRANSPORTATION

47.    Plaintiffs incorporate Paragraphs 1 through 45 by referenced as

though the same were set forth more fully and at length herein.

48.    At all times pertinent to the filing of this Complaint, Defendant

Acosta was the agent for Defendants Imperial Dade and LJ Transportation,

and Defendant Acosta was at all pertinent times acting within the scope of

his agency.

49.    By virtue of the agency relationship between Defendant Acosta

and Defendants Imperial Dade and LJ Transportation, Defendants Imperial

Dade and LJ Transportation owed a duty of care as employers and/or principals to adequately investigate its employees prior to hiring, to properly train employees, and to adequately supervise its employees, including Defendant Acosta, in the performance of his jobs duties.

50. Separate and apart from their vicarious liability based on the nature of their relationship with Defendant Acosta, Defendants Imperial Dade and LJ Transportation were careless and negligent in the following respects:

(a) Failing to train their drivers, including Defendant Acosta, as to the safe and prudent operation of a tractor-trailer;

(b) Failing to train to their drivers, including Defendant Acosta, as to the maintenance of hours logs as required by state and federal law, including the Federal Motor Carrier Safety Regulations;

(c) Failing to provide training to its drivers, including Defendant Acosta, on a regular basis as to the safe and prudent operation of a tractor-trailer;

(d) Failing to train their drivers, including Defendant Acosta, as to the hours of service as proscribed by state and

federal law;

(e)  Failing to train their drivers, including Defendant Acosta, against the use of cellular telephones and other handheld devices while operating tractor-trailers;

(f)  Failing to supervise their drivers, including Defendant Acosta, when it knew or should have known that Defendant Acosta was an incompetent driver;

(g)  Failing to supervise their drivers, including Defendant Acosta, when they knew and had reason to know, based upon a past history of violations as to the tractor-trailer and violations as to the failure to maintain/possess on duty service logs, that Defendant Acosta failed to comply with state and federal laws and regulations;

(h)  Failing to supervise their drivers, including Defendant Acosta, as to ensure compliance with state and federal laws and regulations, including the Federal Motor Carrier Safety Regulations;

(i)  Failing to supervise their drivers, including Defendant Acosta, to ensure that drivers are not operating tractor-

trailers while fatigued and/or beyond permissible hour requirements imposed by law;

(j)     Negligently entrusting Defendant Acosta with a tractor-trailer, despite having knowledge or reason to know that Defendant Acosta lacked sufficient and appropriate skills and judgment to operate a tractor-trailer;

(k)     Failing to properly screen drivers for adequate skill and knowledge prior to entrusting a tractor-trailer;

(l)     Failing to hire drivers of appropriate skill and knowledge consistent with the Federal Motor Carrier Safety Regulations, as well as state and federal laws and regulations;

(m)     Failing to inspect, maintain, and repair vehicles not otherwise in compliance with the Federal Motor Carrier Safety Regulations and other state and federal laws and regulations; and

(n)     Retaining drivers who are incompetent and ill equipped to properly operate a tractor-trailer.

51.     As a direct and proximate result of the above-described

occurrence and Defendant Acosta's negligence and carelessness, separate

and apart of the negligence and careless of any other responsible party,

Plaintiff has suffered injuries and damages as set forth previously in this

Complaint.

WHEREFORE, Plaintiffs Richard Hasselbusch and Christine

Hasselbusch, Parents and Natural Guardians of W.H. demand judgment in

their favor and against the Defendants, Larry Salmeron Acosta, LJ

Transportation, and Imperial Dade, in an amount that exceeds the

jurisdictional amount requiring arbitration by local rule, together with

interest and costs. Plaintiffs further demand a trial by jury of twelve of their

peers to determine their cause.

## COUNT IV - NEGLIGENT ENTRUSTMENT

### RICHARD HASSELBUSCH and CHRISTINE HASSELBUSCH, Parents and Natural Guardians of W.H., a Minor v. LARRY SALMERON ACOSTA and IMPERIAL DADE AND LJ TRANSPORTATION

52. Plaintiffs incorporate Paragraphs 1 through 51 by referenced as

though the same were set forth more fully and at length herein.

53. At all times pertinent to the filing of this Complaint, Defendants

Imperial Dade and LJ Transportation knew or should have known that

Defendant Acosta was unwilling and/or incapable of safely operating the

tractor-trailer.

54.     Despite the fact that Defendants Imperial Dade and LJ Transportation knew or should have known that Defendant Acosta was unwilling and/or incapable of safely operating the tractor-trailer, Defendants Imperial Dade and/or LJ Transportation entrusted the tractor-trailer to Defendant Acosta on the date of the collision described herein.

55.     Defendants Imperial Dade and LJ Transportation knew or should have known that Defendant Acosta received multiple violations of the FMCSR in the operation of a tractor-trailer, including, but not limited to:

- Driving beyond 11 hour driving limit;

- Prior duty status violations; and

- Operating a truck-tractor and/or other vehicle that otherwise failed to comply with the FMCSA.

56.     The conduct of Defendant Acosta in entrusting the tractor-trailer to Defendant Acosta was negligent and careless.

57.     As a direct and proximate result of the above-described occurrence and the negligence of Defendant Acosta, separate and apart of the above-described occurrence and the negligence of any other party, Plaintiffs have suffered damages as previously set forth in this Complaint.

WHEREFORE, Plaintiffs Richard Hasselbusch and Christine Hasselbusch, Parents and Natural Guardians of W.H. demand judgment in their favor and against the Defendants, Larry Salmeron Acosta, LJ Transportation, and Imperial Dade, in an amount that exceeds the jurisdictional amount requiring arbitration by local rule, together with interest and costs.  Plaintiffs further demand a trial by jury of twelve of their peers to determine their cause.

### COUNT V - PUNITIVE DAMAGES

### RICHARD HASSELBUSCH and CHRISTINE HASSELBUSCH, Parents and Natural Guardians of W.H., a Minor v. LARRY SALMERON ACOSTA, LJ TRANSPORTATION, and IMPERIAL DADE

58.     Plaintiffs incorporate paragraphs 1 through 57 by reference as though the same were set forth more fully and at length herein.

59.     At the time of the subject accident referenced herein, Defendant Acosta had been operating the subject tractor-trailer in excess of eleven hours within a fourteen hour period in contravention of Pa. 67 § 229.14 and 49 CFR 395.3(A)(3)(i).

60.     Additionally, on the date of the accident referenced herein, Defendant Acosta had been operating the subject tractor-trailer in excess of fourteen hours after having come off of a ten hour rest period in

-22-

contravention of Pa. 67 § 224.14 and 49 CFR 395.(3)(a)(2).

61.     On the date of the subject accident, Defendant Acosta's log book entries indicate that Defendant had departed his home at 6:19AM and completed an "off book run" in the Charlotte, North Carolina area prior to commencing his trip for Defendants, Imperial Dade and LJ Transportation, which was scheduled to be completed in Bordentown, New Jersey, some time in the evening of May 13, 2021.

62.     At the time of the subject accident, Defendant Acosta was talking on his cellular telephone and was distracted, causing him to disregard the steady red signal in  that was controlling traffic as he approached the State Route 309 from a southbound direction in a tractor-trailer, at or near its intersection with West Saucon Valley Road.

63.     In fact, video footage of the accident demonstrates that Defendant Acosta had a ***steady red traffic signal for approximately five (5) seconds*** and yet he proceeded through the steady red traffic signal and into the vehicle  operated  by Plaintiffs' Minor.

64.     Additionally, Defendant Acosta's operation of the tractor-trailer in excess of the eleven hour driving limit made him incapable of safely operating the subject tractor-trailer due to fatigue.

65.     Even when operating a tractor-trailer while talking on his cell phone, as he approached the subject intersection, Defendant Acosta was also operating the tractor-trailer in excess of the posted speed limit and at a speed unsafe for the conditions on the roadway.

66.     Defendant Acosta's driver fatigue, operation of the subject tractor-trailer at an unsafe speed, and talking on his cellular telephone individually and cumulatively contributed to his failure to stop for the steady red traffic control device at the subject intersection which caused him to strike the vehicle operated by  Plaintiffs' Minor, W.H.

67.     The above-described of Defendant Acosta was reckless and outrageous, amounting to a conscious indifference to the rights of Plaintiffs' Minor and other motor vehicle operators and occupants similarly situated, as to warrant an award of punitive damages under and pursuant to Restatement Second of Torts, 908 as adopted by the law of the Commonwealth of Pennsylvania.

68.     Defendants, LJ Transportation and Imperial Dade, are vicariously liable for punitive damages for the reckless, outrageous, and conscious indifference posed to Plaintiffs' Minor and other members of the motoring public.

-24-

69.     Prior to the date of the subject accident, Defendants, LJ Transportation and Imperial Dade, knew or had reason to know that Defendant Acosta was previously cited for driving beyond the 11 hour driving limit, for failing to maintain records as to his duty status, among several other violations.

70.     Prior to the date of the subject accident, Defendants, LJ Transportation and Imperial Dade, knew or had reason to know that Defendant Acosta frequently operated a tractor-trailer that failed to comply with the Federal Motor Carrier Safety Regulations on at least three occasions prior to the date of the subject accident.

71.     Further, Defendants, LJ Transportation and Imperial Dade knew or had reason to know that permitting Defendant Acosta to operate the tractor-trailer when Defendant Acosta was unfit to do so would result in serious injury to other drivers, including Plaintiffs' Minor, particularly, where there is public record of Defendant Acosta's prior violation history, which includes failures to comply with federal and state laws, including the Federal Motor Carrier Safety Regulations, as to maintaining and operating hours for its drivers.

72.     Despite the same, Defendants, LJ Transportation and Imperial

Dade, permitted Defendant Acosta to operate the tractor-trailer to drive in

excess of permissible hours, in a fatigued state, while using his cellular

telephone, causing the accident.

73.    Upon information and belief, Defendants, LT Transportation

and Imperial Dade, despite having knowledge of these publicly available

Federal Motor Carrier Safety Regulation violations, Defendants failed to

train and supervise its drivers, including Defendant Acosta, and consciously

disregarded the known risk that Defendant Acosta was an unsafe and

incompetent operator with a history of failing to comply with the Federal

Motor Carrier Safety Regulations and other state and federal regulations.

74.    Defendants, LT Transportation and Imperial Dade knew or

had reason to know that permitting Defendant Acosta, who exhibited a

pattern and course of conduct of violating the Federal Motor Carrier Safety

Regulations and the Hours of Service requirements, would cause him to

drive in a fatigued condition and be highly likely to cause an accident

involving serious injury or death.

75.    Defendants, LT Transportation and Imperial Dade knew or

had reason to know that permitting Defendant Acosta, who exhibited a

pattern and course of conduct of violating the Federal Motor Carrier Safety

Regulations and the Hours of Service requirements, lacked sufficient skill and judgment in operating the tractor-trailer.

76.     Despite such knowledge, Defendants, LT Transportation and Imperial Dade, failed to supervise and provide training to Defendant Acosta, in conscious  disregard of the known risk.

77.     Despite such knowledge, Defendants, LT Transportation and Imperial Dade, failed to supervise and provide training and oversight to Defendant Acosta, in auditing or overseeing the Hours of Service logs to ensure completion and compliance with state and federal regulations.

78.     Despite such knowledge, Defendants, LT Transportation and Imperial Dade, failed to oversee Defendant Acosta's operation of the tractor-trailer and to ensure that its operation occurred in a manner consistent with state and federal regulations, including the Federal Motor Carrier Safety Regulations.

79.     The aforementioned conduct demonstrates LT Transportation and Imperial Dade consciously disregarded and acted recklessly indifferent to the known risk of injury to Plaintiffs and the motoring public by their driver, Defendant Acosta, who was unfit to drive a tractor-trailer.

WHEREFORE, Plaintiffs Richard Hasselbusch and Christine

Hasselbusch, Parents and Natural Guardians of W.H. hereby claim punitive

damages from the Defendants in an amount that exceeds the  jurisdictional

amount requiring arbitration by local rule, together with interest and costs.

Plaintiffs further demand a trial by jury of twelve of their peers to determine

their cause.

Respectfully Submitted,

HOF & REID, LLC

Date: <u>November 13, 2021</u>

Christopher M. Reid, ID No. 84231
Isaac A. Hof, ID No. 314094
HOF & REID, LLC
CrownPointe Corporate Center
3101 Emrick Boulevard, Suite 205
Bethlehem PA 18020
Telephone:    (610) 258-6184
Facsimile:    (610) 258-0390

Attorneys for Plaintiffs

## VERIFICATION

The undersigned having read the attached pleading verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit.  The language of the pleading is that of counsel and not of signer.  Signer verifies that he/she has read the within document and that it is true and correct to the best of signer's knowledge, information and belief.  To the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this Verification.  This Verification is made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

Date: 13 November 2021

Richard Hasselbusch

Date: 13 November 2021

Christine Hasselbusch

Christopher M. Reid
Isaac A. Hof
J. Randall Keiser, Jr
HOF & REID, LLC
CrownPointe Corporate Center
3101 Emrick Boulevard, Suite 205
Bethlehem PA 18020
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL DIVISION - LAW

| | | |
|---|---|---|
| RICHARD HASSELBUSCH and | : | No. |
| CHRISTINE HASSELBUSCH, | : | |
| Parents and Natural Guardians of | : | IN CIVIL ACTION |
| W.H., a Minor, | : | |
| 1790 Arden Lane | : | JURY TRIAL |
| Bethlehem PA 18015 | : | DEMANDED |
|         Plaintiffs | : | |
|    v. | : | |
| | : | |
| LARRY SALMERON ACOSTA, | : | |
| 176 Winding Cedar Drive | : | |
| Statesville NC 28677-8411, | : | |
| and | | |
| LJ TRANSPORTATION | : | |
| 176 Winding Cedar Drive | : | |
| Statesville NC 28677-8411, | : | |
| and | : | |
| IMPERIAL DADE, | : | |
| 425 Rising Sun Road | : | |
| Bordentown NJ 08505 | : | |
|         Defendants | : | |

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the unified Judicial System of Pennsylvania* that requires filing confidential information and documents differently than non-confidential information and documents.

Respectfully Submitted,

Date:  <u>November 17, 2021</u>

Christopher M. Reid, I.D. No. 84231
Isaac A. Hof, I.D. No. 314094
CrownPointe Corporate Center
3101 Emrick Boulevard, Suite 205
Bethlehem PA 18020
Telephone:    (610) 258-6184
Facsimile:      (610) 258-0390
Attorneys for Plaintiffs

EXHIBIT "A"

AA-500S TX

**Commonwealth of Pennsylvania Police Crash Report**

PAGE 1

REPORTABLE CRASH

Incident Number: US-210514-2246

**Crash Involves:** ○ DUI ○ Fatality ○ Hit and Run ◉ Commercial Vehicle ○ State Police Vehicle
○ N/A ○ Work Zone ○ ATV ○ Snowmobile ○ Commonwealth Vehicle
○ Local Police Vehicle ○ Local Gov Vehicle

### Police Agency Data

| Agency Name | | | Case Closed | Patrol Zone | Investigation Date |
|---|---|---|---|---|---|
| UPPER SAUCON TOWNSHIP | | | NO | 02 | 05/14/2021 |

| Dispatch Time | Arrival Time | Investigator | Badge Number |
|---|---|---|---|
| 22:44 hrs. | 22:48 hrs. | MACKENZIE, PATRICK | 35 |

| Approval Date | Reviewer | Reviewer Badge Number |
|---|---|---|
| 05/21/2021 | CLAUSE, SEAN | 26 |

### Crash Data

| Date of Crash | Time of Crash | Day of the Week | Crash Description | Secondary Crash? |
|---|---|---|---|---|
| 05/13/2021 | 22:45 hrs. | THURSDAY | ANGLE | NO |

| County | Municipality |
|---|---|
| LEHIGH | UPPER SAUCON TWP |

| Weather Conditions 1 | Weather Conditions 2 | Relation to Roadway |
|---|---|---|
| CLEAR | CLEAR | ON TRAVEL LANES |

| Illumination | Road Surface Conditions |
|---|---|
| DARK -STREET LIGHTS | DRY |

| # of Units | # of People | # of Injured | # Killed | School Bus Related | School Zone Related | PennDOT Notified |
|---|---|---|---|---|---|---|
| 2 | 2 | 001 | 000 | NO | NO | NO |

| Type of Intersection | Intersection Related? | Special Location |
|---|---|---|
| 4 WAY INTERSECTION | | NOT APPLICABLE |

### Work Zone

| Work Zone | Work Zone Type | | Where In Work Zone | Speed Limit | Workers Present | Officer Present | Worker Injured or Killed |
|---|---|---|---|---|---|---|---|
| NO | | | | | | | |

| Worker 1 Unit # | Worker 2 Unit # | Worker 3 Unit # | Worker 4 Unit # | Work Zone Characteristics | |
|---|---|---|---|---|---|
| | | | | ☐ Lane Closure | ☐ Road Closed with Detour |
| | | | | ☐ Work on Shoulder or Median | ☐ Intermittent or Moving Work ☐ Flagger Control ☐ Other |

### Principal Road

| Route Signing | Route Number | Segment Number | Travel Lanes | Speed Limit | Orientation |
|---|---|---|---|---|---|
| STATE HIGHWAY | 0309 | | 02 | 55 MPH | SOUTH |

| House Number | Street Name | St. Ending |
|---|---|---|
| | ROUTE | HIGHWAY |

### Intersecting Rd.

| Used in Intersection Crashes | Route Signing | Route Number | Segment Number | Travel Lanes | Speed Limit | Orientation |
|---|---|---|---|---|---|---|
| | STATE HIGHWAY | 2036 | | 05 | 45 MPH | EAST |

| Street Name | St. Ending |
|---|---|
| W SAUCON VALLEY | ROAD |

### Distance From Landmark

| | Landmark 1 | Route Number | Or Mile Post | Tenths | Or Segment Marker | | Ramp Use Only | Feet | |
|---|---|---|---|---|---|---|---|---|---|
| Used for Mid-Block Crashes | | Street Name | | | | Street Ending | | Or Miles | Tenths |
| | Landmark 2 | Route Number | Or Mile Post | Tenths | Or Segment Marker | | Ramp Use Only | The above entry is the distance from the Crash Scene to Landmark 1 | |
| | | Street Name | | | | Street Ending | | | |

### GPS

| Latitude: | Degrees | Minutes | . | Seconds | . | Decimal | Longitude: | - | Degrees | Minutes | . | Seconds | . | Decimal |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 40 | 32 | | 54 | | 140 | | | 76 | 25 | | 27 | | 410 |

### TCD

| Traffic Control Device | Traffic Control Function |
|---|---|
| TRAFFIC SIGNAL | DEVICE FUNCTIONING PROPERLY |

### Lane

| Lane Closed | Lane Closure Direction | Traffic Detoured | Roadway Cleared |
|---|---|---|---|
| FULLY | ALL (N,S,E,W) | YES | 04:00 Hrs |

### Environmental / Roadway Potential Factors (E/R)

| Factor 1 | Factor 2 | Factor 3 |
|---|---|---|
| NONE | | |

### Event Information

| First Harmful Event in the Crash | | Most Harmful Event in the Crash | |
|---|---|---|---|
| Unit Number | Harmful Event | Unit Number | Harmful Event |
| 001 | HIT UNIT 2 | 001 | HIT UNIT 2 |

| Indicated Prime Factor | Unit Number | Prime Factor Driver Action |
|---|---|---|
| DRIVER ACTION | 001 | RUNNING RED LIGHT |

| Prime Factor Environmental/Roadway | Prime Factor Vehicle Failure | Prime Factor Pedestrian Action |
|---|---|---|
| | | |

| Road Surface Type | Special Jurisdiction |
|---|---|
| | |

AA-500S TX

**Commonwealth of Pennsylvania Police Crash Report**

PAGE 2

REPORTABLE CRASH

Incident Number: US-210514-2248

Crash Involves:
- ○ DUI
- ○ Fatality
- ○ Hit and Run
- ◉ Commercial Vehicle
- ○ State Police Vehicle
- ○ N/A
- ○ Work Zone
- ○ ATV
- ○ Snowmobile
- ○ Commonwealth Vehicle
- ○ Local Police Vehicle
- ○ Local Gov Vehicle

## Driver/Pedestrian Information

| Unit Number | Type Unit | | | | | Commercial Vehicle | | |
|---|---|---|---|---|---|---|---|---|
| 001 | Motor Vehicle in Transport | | | | | Yes | | |

| First Name | MI | Last Name | | Suffix | DOB | Telephone Number |
|---|---|---|---|---|---|---|
| LARRY | | SALMERON ACOSTA | | | 12/23/1985 | (704) 657-6246 |

| Street Address | | City | | | State | Zip Code |
|---|---|---|---|---|---|---|
| 176 WINDING CEDAR DR | | STATESVILLE | | | NC | 28677-8411 |

| Gender | License Number | License State | Class | Expiration Date | Owner/Driver |
|---|---|---|---|---|---|
| MALE | 000042613626 | NC | A | 12/23/2025 | PRIVATE VEHICLE OWNED/LEASED BY DRIVER |

| Driver Presence | Physical Condition |
|---|---|
| DRIVER OPERATED VEHICLE | APPARENTLY NORMAL |

| Violation 1 | Person Charged |
|---|---|
| FAILURE TO STOP AT RED SIGNAL | U - UNDETERMINED |

| Violation 2 | Person Charged |
|---|---|
| CARELESS DRIVING-SERIOUS BODILY INJURY | U - UNDETERMINED |

| Violation 3 | Person Charged |
|---|---|
| | |

| Violation 4 | Person Charged |
|---|---|
| | |

| Alcohol/Drugs Suspected | Alcohol Test Type | Alcohol Test Results |
|---|---|---|
| NO | BLOOD | 0.00 % |

| Drug Test Type | Drug Test Results |
|---|---|
| NONE | NO DRUGS REPORTED |

| Driver Action | RUNNING RED LIGHT |
|---|---|

| Pedestrian Action | Pedestrian Signals | Pedestrian Clothing | Pedestrian Location |
|---|---|---|---|
| | | | |

| 1st Harmful Event | | Left or Right Side | Most Harmful | Utility Pole Number |
|---|---|---|---|---|
| HIT UNIT 2 | | | YES | |

| 2nd Harmful Event | | Left or Right Side | Most Harmful | Utility Pole Number |
|---|---|---|---|---|
| | | | | |

| 3rd Harmful Event | | Left or Right Side | Most Harmful | Utility Pole Number |
|---|---|---|---|---|
| | | | | |

| 4th Harmful Event | | Left or Right Side | Most Harmful | Utility Pole Number |
|---|---|---|---|---|
| | | | | |

## Vehicle Information

| Owner First Name | | Owner MI | Owner Last Name or Business Name | | | | | Suffix |
|---|---|---|---|---|---|---|---|---|
| LARRY | | | SALMERON ACOSTA | | | | | |

| Street Address | | City | | | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|---|---|
| 176 WINDING CEDAR DR | | STATESVILLE | | | NC | 28677841 | (704) 657-6246 |

| Vehicle Type | Vehicle Automation | Special Usage | Government Equipment Number |
|---|---|---|---|
| LARGE TRUCK | NO AUTOMATION | NOT APPLICABLE | |

| Model Year | Vehicle Make | Vehicle Model | Vehicle Color | VIN |
|---|---|---|---|---|
| 2002 | FREIGHTLINER | TRUCK | WHITE | 1FUJA6CG52PJ02863 |

| License Plate | Reg. State | Est. Speed | Vehicle Towed | Towed By |
|---|---|---|---|---|
| NK3374 | NC | 050 | YES | GRANTS AUTO SALVAGE |

| Insurance | Insurance Company | Telephone Number | Policy Number | Expiration Date |
|---|---|---|---|---|
| YES | AMGUARD INS CO | (704) 732-1811 | NCFR108320 | 03/14/2021 |

| Direction of Travel | Vehicle Position | Vehicle Movement | Initial Impact Point |
|---|---|---|---|
| SOUTH | RIGHT LANE "CURB" | GOING STRAIGHT | 12 O'CLOCK |

| Damage Indicator | Gradient | Road Alignment | Possible Vehicle Failures |
|---|---|---|---|
| DISABLING | LEVEL | STRAIGHT | NONE |

### Trailing Units

| # of Units | Type Unit 1 | Tag Number | Tag Year | Tag State |
|---|---|---|---|---|
| 1 | SEMI-TRAILER | AL70878 | 2021 | NC |

| Unit Make | Unit Owner |
|---|---|
| TRAILER | LARRY SALMERON ACOSTA |

| Type Unit 2 | Tag Number | Tag Year | Tag State |
|---|---|---|---|
| | | | |

| Unit Make | Unit Owner |
|---|---|
| | |

### Motorcycle

| Engine Size | Passenger? | Saddle Bag/Trunk? | Trailer? | Driver Education? |
|---|---|---|---|---|
| cc | | | | |

| Driver Helmet Type | Helmet Stayed On? | DOT/Snell Designation? | Eye Protection? | Long Sleeves? | Long Pants? | Over Ankle Boots? |
|---|---|---|---|---|---|---|
| | | | | | | |

| Passenger Helmet Type | Helmet Stayed On? | DOT/Snell Designation? | Eye Protection? | Long Sleeves? | Long Pants? | Over Ankle Boots? |
|---|---|---|---|---|---|---|
| | | | | | | |

### Pedal Cycle

| Passenger? | Helmet? | Head Lights? | Rear Reflectors? |
|---|---|---|---|
| | | | |

`AA-500S Tx`

# Commonwealth of Pennsylvania Police Crash Report

**PAGE 3**

**Incident Number:** US-210514-2248

**REPORTABLE CRASH**

**Crash Involves:** ○ DUI ○ Fatality ○ Hit and Run ⊙ Commercial Vehicle ○ State Police Vehicle
○ N/A ○ Work Zone ○ ATV ○ Snowmobile ○ Commonwealth Vehicle
○ Local Police Vehicle ○ Local Gov Vehicle

**Driver/Pedestrian Information**

| Unit Number | Type Unit | | | | | Commercial Vehicle | | |
|---|---|---|---|---|---|---|---|---|
| 002 | Motor Vehicle in Transport | | | | | No | | |

| First Name | MI | Last Name | | | Suffix | DOB | Telephone Number |
|---|---|---|---|---|---|---|---|
| W▓ | T | HA▓ | | | | 07/30/2004 | |

| Street Address | | City | | | | State | Zip Code |
|---|---|---|---|---|---|---|---|
| 1780 ARDEN LN | | BETHLEHEM | | | | PA | 18015-0000 |

| Gender | License Number | License State | Class | Expiration Date | Owner/Driver |
|---|---|---|---|---|---|
| MALE | 33785517 | PA | C | 07/31/2024 | PRIVATE VEHICLE  NOT OWNED/LEASED BY DRIVER |

| Driver Presence | Physical Condition |
|---|---|
| DRIVER OPERATED VEHICLE | APPARENTLY NORMAL |

| Violation 1 | Person Charged |
|---|---|
| | |

| Violation 2 | Person Charged |
|---|---|
| | |

| Violation 3 | Person Charged |
|---|---|
| | |

| Violation 4 | Person Charged |
|---|---|
| | |

| Alcohol/Drugs Suspected | Alcohol Test Type | Alcohol Test Results |
|---|---|---|
| NO | TEST NOT GIVEN | |

| Drug Test Type | Drug Test Results |
|---|---|
| NONE | |

| Driver Action   NO CONTRIBUTING ACTION |
|---|

| Pedestrian Action | Pedestrian Signals | Pedestrian Clothing | Pedestrian Location |
|---|---|---|---|
| | | | |

| 1st Harmful Event | Left or Right Side | Most Harmful | Utility Pole Number |
|---|---|---|---|
| STRUCK BY UNIT 1 | | YES | |

| 2nd Harmful Event | Left or Right Side | Most Harmful | Utility Pole Number |
|---|---|---|---|
| | | | |

| 3rd Harmful Event | Left or Right Side | Most Harmful | Utility Pole Number |
|---|---|---|---|
| | | | |

| 4th Harmful Event | Left or Right Side | Most Harmful | Utility Pole Number |
|---|---|---|---|
| | | | |

**Vehicle Information**

| Owner First Name | | Owner MI | Owner Last Name or Business Name | | | | Suffix |
|---|---|---|---|---|---|---|---|
| RICHARD | | | HASSELBUSCH | | | | |

| Street Address | | City | | | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|---|---|
| 1790 ARDEN LN | | BETHLEHEM | | | PA | 18015 | |

| Vehicle Type | Vehicle Automation | Special Usage | Government Equipment Number |
|---|---|---|---|
| AUTOMOBILE | NO AUTOMATION | NOT APPLICABLE | |

| Model Year | Vehicle Make | Vehicle Model | Vehicle Color | VIN |
|---|---|---|---|---|
| 2008 | VOLKSWAGEN | Passat | BLACK | WVWUK73C18P094970 |

| License Plate | Reg. State | Est. Speed | Vehicle Towed | Towed By |
|---|---|---|---|---|
| KDX0119 | PA | 015 | YES | GRANTS SALVAGE |

| Insurance | Insurance Company | Telephone Number | Policy Number | Expiration Date |
|---|---|---|---|---|
| YES | NEW JERSEY MANUFACTUREERS INS | | F10292143-4 | 11/01/2021 |

| Direction of Travel | Vehicle Position | Vehicle Movement | Initial Impact Point |
|---|---|---|---|
| EAST | LEFT TURN LANE | GOING STRAIGHT | 10 O'CLOCK |

| Damage Indicator | Gradient | Road Alignment | Possible Vehicle Failures |
|---|---|---|---|
| DISABLING | LEVEL | STRAIGHT | NONE |

**Trailing Units**

| # of Units | Type Unit 1 | Tag Number | | Tag Year | Tag State |
|---|---|---|---|---|---|
| | | | | | |

| Unit Make | | Unit Owner | | |
|---|---|---|---|---|
| | | | | |

| Type Unit 2 | | Tag Number | | Tag Year | Tag State |
|---|---|---|---|---|---|
| | | | | | |

| Unit Make | | Unit Owner | | |
|---|---|---|---|---|
| | | | | |

**Motorcycle**

| Engine Size | Passenger? | Saddle Bag/Trunk? | Trailer? | Driver Education? |
|---|---|---|---|---|
| cc | | | | |

| Driver Helmet Type | Helmet Stayed On? | DOT/Snell Designation? | Eye Protection? | Long Sleeves? | Long Pants? | Over Ankle Boots? |
|---|---|---|---|---|---|---|
| | | | | | | |

| Passenger Helmet Type | Helmet Stayed On? | DOT/Snell Designation? | Eye Protection? | Long Sleeves? | Long Pants? | Over Ankle Boots? |
|---|---|---|---|---|---|---|
| | | | | | | |

**Pedal Cycle**

| Passenger? | Helmet? | Head Lights? | | Rear Reflectors? |
|---|---|---|---|---|
| | | | | |

AA-500S TX

Incident Number:   US-210514-2248

**Commonwealth of Pennsylvania Police Crash Report**

PAGE 4

REPORTABLE CRASH

Crash Involves:  ○ DUI  ○ Fatality  ○ Hit and Run  ● Commercial Vehicle  ○ State Police Vehicle
○ N/A  ○ Work Zone  ○ ATV  ○ Snowmobile  ○ Commonwealth Vehicle
○ Local Police Vehicle  ○ Local Gov Vehicle

**Commercial Vehicle**

| Unit Number | Number of Axles | Carrier Name | | Phone Number | |
|---|---|---|---|---|---|
| 1 | 03 | LARRY SALMERON ACOSTA | | (704) 657-6246 | |

| Street Address | City | | State | Zip Code |
|---|---|---|---|---|
| 176 WINDING CEDAR DR | STATESVILLE | | NC | 28677 |

| Cargo Body Type | Vehicle Configuration | GVWR |
|---|---|---|
| NOT APPLICABLE | TRACTOR / SEMI-TRAILER(S) | 008000 |

| Oversize Load | USDOT Number | ICC Number | PUC Number | Hazardous Materials |
|---|---|---|---|---|
| NO | 02290356 | | | NO |

| HazMat Class 1 | Release Indicator 1 |
|---|---|
| | |

| HazMat Class 2 | Release Indicator 2 |
|---|---|
| | |

| HazMat Class 3 | Release Indicator 3 |
|---|---|
| | |

| HazMat Class 4 | Release Indicator 4 |
|---|---|
| | |

**People Information**

| Unit # | Person No | First Name | MI | Last Name | Suffix | DOB |
|---|---|---|---|---|---|---|
| 001 | 001 | LARRY | | SALMERON ACOSTA | | 12/23/1985 |

| Street Address | City | | State | Zip Code |
|---|---|---|---|---|
| 176 WINDING CEDAR DR | STATESVILLE | | NC | 28677-8411 |

| Phone Number | EMS Transport | Person Type | Gender |
|---|---|---|---|
| (704) 657-6246 | NO | DRIVER | MALE |

| EMS Agency | Medical Facility |
|---|---|
| EMMAUS AMBULANCE CORPS. | NONE |

| Injury Severity |
|---|
| NOT INJURED |

| Seat Position | Safety Equipment 1 |
|---|---|
| DRIVER - ALL VEHICLES | LAP AND SHOULDER BELT USED |

| Safety Equipment 2 | Extrication |
|---|---|
| AIR BAG(S) NOT DEPLOYED | NOT EXTRICATED |

| Ejection | Ejection Path |
|---|---|
| NOT APPLICABLE | NOT EJECTED/NOT APPLICABLE |

| Airbag |
|---|
| NOT APPLICABLE |

| Unit # | Person No. | First Name | MI | Last Name | Suffix | DOB |
|---|---|---|---|---|---|---|
| 002 | 002 | W▮▮▮▮ | ▮▮ | H▮▮▮▮▮ | | 07/30/2004 |

| Street Address | City | | State | Zip Code |
|---|---|---|---|---|
| 1790 ARDEN LN | BETHLEHEM | | PA | 18015-0000 |

| Phone Number | EMS Transport | Person Type | Gender |
|---|---|---|---|
| | YES | DRIVER | MALE |

| EMS Agency | Medical Facility |
|---|---|
| UPPER SAUCON AMBULANCE CORPS | ST LUKES FOUNTAIN HILL |

| Injury Severity |
|---|
| SUSPECTED SERIOUS INJURY |

| Seat Position | Safety Equipment 1 |
|---|---|
| DRIVER - ALL VEHICLES | UNKNOWN |

| Safety Equipment 2 | Extrication |
|---|---|
| UNKNOWN IF AIR BAG(S) DEPLOYED | FREED BY NON-MECHANICAL MEANS |

| Ejection | Ejection Path |
|---|---|
| NOT EJECTED | NOT EJECTED/NOT APPLICABLE |

| Airbag |
|---|
| NOT DEPLOYED |

**Witness**

| First Name | MI | Last Name | Suffix | Phone Number |
|---|---|---|---|---|
| MARICEE | | RODERICK | | (484) 571-4472 |

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 1104 SENECA ST | FOUNTAIN HILL | PA | 18015 |

`AA-500S TX

**Commonwealth of Pennsylvania Police Crash Report**

PAGE 5

Incident Number:   US-210514-2248

REPORTABLE CRASH

Crash Involves: ○ DUI  ○ Fatality  ○ Hit and Run  ◉ Commercial Vehicle  ○ State Police Vehicle
○ N/A  ○ Work Zone  ○ ATV  ○ Snowmobile  ○ Commonwealth Vehicle
○ Local Police Vehicle  ○ Local Gov Vehicle

| Witness | First Name KEVIN | MI | Last Name MURRIELL | Suffix | Phone Number (267) 406-8271 | | |
| | Street Address 212 FIFTH ST | | City WHITEHALL | | | State PA | Zip Code 18052 |
| Witness | First Name OLIVIA | MI R | Last Name BIERY | Suffix | Phone Number (484) 515-5411 | | |
| | Street Address 5826 MAIN ST | | City CENTER VALLEY | | | State PA | Zip Code 18036 |
| Witness | First Name JESUS | MI M | Last Name NUNEZ | Suffix | Phone Number (267) 733-7053 | | |
| | Street Address 600 S WEST END BLVD | | City QUAKERTOWN | | | State PA | Zip Code 18951 |

| Notified | Person\Business Notified | Phone Number | Date Notified | Time Notified |
| | Reason for Notification | | | |

Rt. 309 South

West Saucon Valley Rd

Not To Scale

**Crash Details**
The Operator of unit 01 was travelling south on route 309 at Saucon Valley Road when he ran the red light colliding into unit 02. Unit 02 upon collision with unit 01 drug unit 02 down 309 South until it became free and stopped on the shoulder of 309 South.